THE STATE OF MISSOURI, Plaintiff in Error, *v.* JOHN COULTER, Defendant in Error.

1. *Indictment, sufficiency of—Informality.*—An indictment, although technically faulty and unscientific, yet if the averments required by the statute are sufficiently made, will be substantially good. (Wagn. Stat. 1090, § 27.)

*Error to Sixth District Court.*

*Hollister*, with Attorney-General, for plaintiff in error, cited Train & Heard's Prec. & Indict. 50–4, 459–63; Wagn. Stat. 1090, § 27.

*Geo. H. Shields* and *Lancaster*, for defendant in error.

The indictment fails to set forth any offense. There is no surplusage. No words can be stricken out of the indictment and make it good, without inserting others in lieu thereof. The indictment did not properly set forth the material allegations constituting the crime of an attempt to commit robbery. (Wharton's Prec. & Indict. 1048 *et seq.*)

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted and convicted in the Ralls County Circuit Court of attempting to commit a robbery. A motion was made in arrest of judgment, and sustained on account of the insufficiency of the indictment. The indictment is informal and inartificial, and charges the defendant with the commission of the crime by attempting to put him, "the said Bartlett Homes, in fear of some immediate injury to his person, with the intent feloniously to take the property of Bartlett Homes from his person, in his presence and against his will, and thirty-five dollars of money of the goods and chattels, personal property and money of the said Bartlett Homes, from his person, in his presence, and against the will of said Bartlett Homes, and then and there feloniously and violently to seize, take, steal, and carry away," etc.

There is much other matter contained in the indictment which is irrelevant and redundant, but may be disregarded and held as surplusage. The statute describing the crime upon which the attempt was founded, says that "every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." (Wagn. Stat. 456, § 20.)

Notwithstanding the want of orderly arrangement, and the prolix and involved manner in which the charge is set forth, we think it is substantially good. Although the pleading is technically faulty and unscientific, yet all the averments required by the statute are sufficiently made. The objection goes more to the

form than the substance, and our statute enacts that no indict- ment shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or be in any manner affected for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. (Wagn. Stat. 1090, § 27.) The indictment fully apprised the accused of the offense with which he was charged; and its informality and want of precision could in no wise operate to his prejudice.

The judgment should be reversed and the cause remanded. The other judges concur.